IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RORY EDWARD HANNAGAN,

                Petitioner

VS.

JAMES DONALD, COMMISSIONER,

                Respondent

**NO. 5: 06-CV-338 (HL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is the respondent's Motion to Dismiss as Untimely petitioner RORY EDWARD HANNAGAN's petition which seeks federal habeas corpus relief. Tab #10. Petitioner Hannagan has responded to the motion. Tab #15.

### DISCUSSION

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

On February 21, 2003, petitioner Hannagan pled guilty to one count of child molestation, one count of statutory rape, and two counts of contributing to the delinquency of a minor. Because he did not file a direct appeal of his plea, the petitioner's convictions became final thirty days later, on March 24, 2003, pursuant to O.C.G.A. §5-6-38. The petitioner argues that his convictions were not finalized until ninety days later, contending that he could have filed a writ of certiorari with the United States Supreme Court in that time. However, that is not the case in the Eleventh Circuit, where it is clearly established

> that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes.

***Coates v. Byrd***, 211 F.3d 1225, 1226 (11th Cir. 2000). Accordingly, the petitioner's convictions became final for §2244 purposes on March 24, 2003. Hannagan then did not file a state habeas corpus action until September 22, 2003, which represents 182 days of untolled time.

Once he filed his state action, the one year limitations period tolled until the conclusion of the state action, which was January 17, 2006. Hannagan's filed the instant [federal] petition on September 22, 2006, which was 248 days after his state action concluded.

Because the petitioner had over 365 days of untolled time after his state convictions became final, his petition is barred by §2244.

The petitioner's arguments regarding actual innocence and miscarriage of justice are without merit and inadequately briefed. The bases included in the instant petition are: (1) the court's failure to provide the petitioner with a lawyer; (2) a coerceion into a guilty plea; (3) denial of proper time to prepare his case; (4) the sentence imposed being contrary to law; and (5) the court's acceptance of petitioner's guilty plea without establishing a factual basis for the plea. None of these bases alleges that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir.1998) (internal quotations and citations omitted), which is required in order to show miscarriage of justice or actual innocence.

Accordingly, IT IS RECOMMENDED that the instant petition be **DISMISSED** *with prejudice* as UNTIMELY. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 5th day of SEPTEMBER, 2007.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE